UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) | CASE NO. 1:11CV00082 |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| ALLSTATE INSURANCE COMPANY, *et al.*, | ) | MEMORANDUM OF OPINION AND ORDER (1) GRANTING, IN PART, ALLSTATE'S MOTION TO SEVER, CONSOLIDATE AND STAY ALL CLAIMS, DEFENSES AND COUNTERCLAIMS RELATING TO U.S. PATENT NO. 6,064,970 [Resolving ECF Nos. 23, 30, 32, and 36] & (2) DENYING LIBERTY MUTUAL'S MOTION TO SEVER [Resolving ECF Nos. 22, 33, and 37] |
| Defendants. | ) | |

This matter is before the Court upon Defendants Allstate Insurance and Allstate Fire & Casualty Insurance Companys' (collectively referred to as "Allstate") Motion to Sever, Consolidate and Stay All Claims, Defenses and Counterclaims Relating to U.S. Patent No. 6,064,970 (ECF No. 23), and Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of Illinois and Safeco Insurance Company of America's (collectively "Liberty Mutual") motion to sever (ECF No. 22). For the reasons that follow, Allstate's motion to stay is granted, and the related motion to sever and consolidate is denied; and Liberty Mutual's motion to sever is denied.

## I. Background

In the instant case, Progressive Casualty filed a six-count amended complaint, alleging the infringement of several of its patents and one trademark against Defendants Allstate and Liberty Mutual. ECF No. 6. Counts I and II allege infringement of U.S. Patent No. 7,124,088 (hereby referred to as the "'088 patent") and U.S. Patent No. 7,877,269 (hereby referred to as the "'269 patent") respectively. ECF No. 6 at 4-12. While both counts I and II are lodged against all Defendants, they are the only claims involving Liberty Mutual. Count III–lodged solely against Allstate–claims infringement of Progressive's Patent, U.S. Patent No. 6,064,970 (referred to as the "' 970 patent"). ECF No. 6 at 12.

In a separate lawsuit filed by Progressive, NDOH Case No. 1:10-cv-1370, against Liberty Mutual and other defendants, Progressive alleges that Liberty Mutual, along with other defendants, infringed upon the '970 patent. Defendants in that case, filed a Motion to Stay Litigation Pending Ex Parte Reexamination of the '970 patent by the United States Patent and Trademark Office (hereby referred to as "USPTO"). Although Progressive opposed the motion, in a Memorandum of Opinion Order, filed November 12, 2010, Judge Patricia A. Gaughan of the Northern District of Ohio, ruled in favor of Defendants. The Court found that Progressive would not be unduly prejudiced if a stay were granted. Additionally, the Court concluded that a reexamination of the '970 patent by the USPTO would likely simplify issues for litigation, and the fact that the case was only at its beginning stage all weighed heavily in favor of granting the stay.

## II. Procedural History

### A. Allstate's Motion to Sever, Consolidate and Stay

In the instant matter, Allstate moves the Court (1) to grant a stay with respect to the '970 patent, as was done in Case No. 1:10-cv-1370, and (2) to sever that claim from the instant case and consolidate the severed claim with the earlier-filed action, Case No. 1:10-cv-1370. In support of its request, Allstate borrows the reasoning and findings of the November 12th Order, stating that "[f]or the same reasons" that Judge Gaughan ordered the litigation stayed in Case No. 1:10-cv-1370 "a stay of the '970 patent allegations in this case is also proper." ECF No. 23-1 at 5. Allstate further asserts that

> [i]t would be prejudicial to force Allstate to defend itself against allegations of infringement when the claims of the '970 patent are likely to change and could be eliminated altogether [as a result of the re-examination]. Morever staying both cases involving the '970 patent and, if still necessary after the re-examination, putting them on the same litigation track, is important to maintain judicial efficiency and consistency.

ECF No. 23-1 at 5.

In response to Allstate's motion, Liberty Mutual filed a memorandum in partial opposition to Allstate's motion wherein Liberty Mutual states that while it supports Allstate's request for a stay regarding the '970 patent count, it is indifferent with respect to severing the claim, and strongly opposed to any efforts to consolidate the claim with Case No. 1:10-cv-1370, in which Liberty Mutual remains a Defendant. ECF No. 30 at 5-6. To bolster its position against consolidation, Liberty Mutual cites several reasons why the Court should partly deny Allstate's motion. Liberty argues that, because the '970 infringement count against Allstate in the instant case and the infringement claim in Case No. 1:10-cv-1370 present different questions of law and

fact, therefore, consolidation would impede judicial economy. ECF No. 30 at 7-10. Additionally, it contends that a consolidation would be prejudicial to its interests. ECF No. 30 at 10-11.

Progressive reluctantly supports Allstate's motion by stating that it "does not oppose Allstate's motion to sever [the '970 infringement count] from this lawsuit, provided that it is consolidated with [Case No.1:10-cv-1370]." ECF No. 32 at 2. With respect to staying the '970 count, Progressive states that the claim should be handled in the same matter that it was handled in Case No. 1:10-cv-1370–stayed. ECF No. 32 at 5.

**B. Liberty Mutual's Motion to Sever**

Liberty Mutual has moved the Court to sever itself as a defendant from the instant case, pursuant to Rule 21 of the Federal Rules of Civil Procedure. ECF No. 22-1 at 1. Liberty Mutual contends that a motion to sever should be granted to avoid prejudice and confusion. ECF No. 22-1 at 3-10. In support of its argument, Liberty Mutual stresses that it is only involved in two of the six counts in this case and those counts are related to each other but unrelated to the other claims in the case.[1]

Progressive opposes Liberty's motion to sever arguing that Liberty Mutual is properly joined as a party to this case as "the claims against Liberty Mutual arise out of the same transaction or occurrence, and there can be no dispute that questions of law and fact common to

[1] Unlike the other claims in the complaint, the claims involving '269 and '088 patents are related to an alleged infringement of Progressive's patented use of "a system that changes insurance polices and automatic underwriting of those changes by existing policyholders through a website". ECF No. 22-1 at 3. While the '088 patent is not the same as the '269 patent, Liberty Mutual points out that the'269 patent is a continuation of the '088 patent, "which means that the two patents are essentially identical." ECF No. 22-1 at 3.

all defendants will arise in this action." ECF No. 33 at 1. Moreover, Progressive contends that severance is not warranted because if the motion were denied, Liberty Mutual would not suffer any prejudice; and if the motion were granted, the effect would unduly burden Progressive, but the Court as well. ECF No.33 at 6-9.

## III. Discussion

### A. Stay

A district court has the discretion to stay litigation pending the outcome of patent reexamination proceedings through the inherent power to manage its own docket. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts weigh three factors in determining whether to grant such a stay: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *01 Communique Lab., Inc. v. Citrix Sys.*, No. 06CV0253, 2008 U.S. Dist. Lexis 19241, at *4 (N.D. Ohio March 12, 2008) (citing *Xerox Corp. v. 3Com Corp*., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). Courts often also consider whether the party seeking the stay has done so in good faith or for the purposes of delay. *Id.*

Upon review of the record including the responding briefs, the Court finds that all three factors weighed by the Court support granting Allstate's request for a stay of the '970 patent count. The reasons expressed by Judge Gaughan in Case No.1:10-cv-1370 are equally applicable here as (1) there is no evidence that any party to the litigation would be unduly prejudiced, (2) a

stay will more likely simplify issues for litigation[2], and (3) the current case is still at an early stage.

Accordingly, Allstate's motion to stay is granted.

**B. Severance and Consolidation**

Although Rule 21 and of the Federal Rules of Civil Procedure grants the Court discretionary authority to sever claims and even parties from the instant case, the Court declines to exercise such authority at this time. *See Alvion Properties, Inc. v. Weber*, 2009 WL 3060419, at *8 (M.D. Tenn. 2009) ("[T]he permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed.") (citing *Payne v. Corrections Corp. of Am.* 1999 WL 970295, at *1 (6th Cir. 1999)). The Court also declines to exercise its discretionary authority, provided by Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate the '970 patent count with the matter in Case No.1:10-cv-1370. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Whether actions involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court ....").

The Court finds that such severance and consolidation would be premature at this stage of litigation. The parties may, however, seek leave to revisit the issues of severance and consolidation at a later time.

---

[2] As noted by Liberty Mutual, reasons for granting the stay are even stronger when compared to the facts presented in Case No.1:10-cv-1370. ECF No. 30 at 5. Judge Gaughan granted the stay prior to USPTO granting reexamination of the '970 patent. Since the ruling, the USPTO has agreed to reexamine the patent which substantially increases the likelihood that the USPTO's findings will streamline the issues currently before the Court.

Accordingly, Allstate's motion is denied as to its request to sever and consolidate all claims, defenses and counterclaims relating to the '970 patent count; and Liberty Mutual's motion to sever is also denied.

## IV. Conclusion

For the foregoing reasons, Allstate's Motion to Sever, Consolidate and Stay All Claims, Defenses and Counterclaims Relating to U.S. Patent No. 6,064,970 is granted, in part, and denied, in part. ECF No. 23. Allstate's motion to stay is granted; the motion to sever and consolidate claims, defenses and counterclaims is denied. ECF No. 23. Liberty Mutual's motion to sever is denied. ECF No. 22.

IT IS SO ORDERED.

April 28, 2011
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge