UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | ) ) ) | CASE NO. 1:11CV00082 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | MEMORANDUM OF OPINION AND |
| ALLSTATE INSURANCE COMPANY, *et al.*, | ) ) ) | ORDER GRANTING LIBERTY MUTUAL'S RENEWED MOTION TO STAY THE PATENT INFRINGEMENT |
| Defendants. | ) ) ) ) ) | CLAIMS AGAINST THEM PENDING *EX PARTE* REEXAMINATION OF THE PANTENTS-IN-SUIT [Resolving ECF Nos. 76, 78, 80] |

This matter is before the Court upon Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Safeco Insurance Company of Illinois and Safeco Insurance Company of America's (collectively "Liberty Mutual") motion to stay (ECF No. 76). For the reasons that follow, Liberty Mutual's motion to stay is granted.

## I. Background

In the instant case, Progressive Casualty Insurance Company ("Progressive") filed a six-count amended complaint, alleging the infringement of several of its patents and one trademark against Defendants Allstate Insurance and Allstate Fire & Casualty Insurance Companys' (collectively referred to as "Allstate") and Liberty Mutual. ECF No. 6. Counts I and II allege infringement of U.S. Patent No. 7,124,088 (hereby referred to as the "'088 patent") and U.S. Patent No. 7,877,269 (hereby referred to as the "'269 patent") respectively. ECF No. 6 at 4-12.

(1:11cv00082)

While both counts I and II were lodged against all Defendants, they are the only claims involving Liberty Mutual. Count III–lodged solely against Allstate–claimed infringement of Progressive's Patent, U.S. Patent No. 6,064,970 (referred to as the "' 970 patent"). ECF No. 6 at 12.

On July 26, 2011, Liberty Mutual notified the Court of the impending settlement between Progressive (including Drivemark Holdings, LP) and Allstate. As a result of the settlement, a transcript of which is now reflected on the Court's docket (ECF No. 85), the only remaining claims before the Court are Counts I and II–involving the '088 and '269 patent infringement allegations–asserted against the sole remaining Defendant–Liberty Mutual.

## II. Procedural History

### A. Motion to Stay '970 Patent Infringement Allegations

On February 29, 2011, Allstate moved the court to sever, consolidate, and stay all claims, defenses and counterclaims relating to the '970 patent, in light of the fact that the United States Patent and Trademark Office (hereby referred to as "USPTO") had agreed to conduct a reexamination of the '970 patent. ECF No. 23. Having been persuaded by Allstate's argument that the *Ex Parte* Reexamination would likely simplify issues for litigation, and would not impose an undue burden upon the parties to the lawsuit, on June 28, 2011 the Court granted a stay with respect to the '970 patent. ECF No. 66. The Court was subsequently informed that the *Ex Parte* Reexamination of the '970 patent resulted in the USPTO cancelling each and every claim of the '970 patent. ECF No. 80 at 4.

### B. Motion to Stay '088 and '269 Patent Infringement Claims

2

(1:11cv00082)

With respect to the patent infringement allegations involving the '088 and '269 patents, Liberty Mutual initially moved the Court to issue a stay on April 4, 2011. ECF No. 48. Their underlying reasons for the motion were similar to those espoused by Allstate, as discussed above, in its motion to stay all claims related to the '970 patent. ECF No. 48. The Court, however, found the motion to be premature. At that time, unlike the circumstance presented in Allstate's motion, the USPTO had not yet decided whether to reexamine the '088 and '269 patents-in-suit. ECF No. 48. Consequently, on April 5, 2011, the Court denied Liberty Mutual motion and informed Defendants that the Court would reconsider Liberty Mutual's request for a stay in the event the USPTO agrees to an *Ex Parte* Reexamination.

In keeping with the Court's directive, Liberty Mutual filed the instant motion to renew their request for a stay of the '088 and '269 patent infringement claims. ECF No. 76-1. In contrast to Liberty Mutual's previous submission, the record now reflects that the USPTO has agreed to *Ex Parte* Reexamination, and the reexaminations of both patents are now underway. ECF No. 76-1 at 7.

### III. Discussion

A district court has the discretion to stay litigation pending the outcome of patent reexamination proceedings through the inherent power to manage its own docket. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts weigh three factors in determining whether to grant such a stay: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *01 Communique Lab., Inc. v. Citrix Sys.,* No. 06CV0253, 2008 U.S. Dist. Lexis

3

(1:11cv00082)

19241, at \*4 (N.D. Ohio March 12, 2008) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). Courts often also consider whether the party seeking the stay has done so in good faith or for the purposes of delay. *Id.*

Upon review of the record including the responsive briefs, the Court finds that all three factors weigh in favor of granting Liberty's Motion for a stay of the '088 and '269 patent infringement allegations. Consistent with the Court's previous ruling granting Allstate's motion for a stay of the '970 patent infringement allegation, the Court finds that a stay is likewise appropriate here as reexamination could potentially be dispositive of the instant case, or minimally narrow and clarify the issues presented for judicial resolution.

Although Progressive opposes the instant motion, and contends that a delayed judgment would create irreparable harm to Progressive and would complicate the case (ECF No. 78), the Court does not find these arguments persuasive nor does the record support these contentions. Foremost, Progressive's argument that granting the stay would result in duplication of litigation because the stay would only apply to the Liberty Mutual Defendants and would not include the same allegations lodged against the Allstate Defendants is no longer valid, in light of the settlement removing Allstate as a party to the lawsuit. Moreover, the Court's decision is undoubtedly informed by the Court's previous ruling granting the stay with respect to the '970 patent which served to streamline issues presented to the Court and enhance judicial economy and efficiency.

### IV. Conclusion

For the foregoing reasons Liberty Mutual's motion to stay is granted. ECF No. 76. This case will be closed, but reopened upon immediate notification of either party after the conclusion

4

(1:11cv00082)
of the reexamination process of patents '088 and '269.

      IT IS SO ORDERED.

August 2, 2011                                */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                                   United States District Judge